**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roberto RAMOS–LARA, Defendant–Appellant.**

No. 01–10009.

D.C. No. CR–00–00591–EHC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2001.

Decided Nov. 26, 2001.

Before BEEZER, TROTT, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Roberto–Ramos Lara ("Ramos–Lara") appeals his conviction for Alien Smuggling in violation of 8 U.S.C. § 1324(a)(1)(A)(i) and B(iii). Ramos–Lara asserts three claims of error. First, he contends the admission of evidence on cross examination concerning his prior deportation violated Federal Rules of Evidence 402 and 404(b). Second, Ramos–Lara alleges that the district court erred in denying his motion for mistrial after the prosecutor's cross examination implied the existence of prejudicial facts unsupported by evidence. Third, Ramos–Lara asserts that the prosecutor committed prejudicial misconduct during closing argument by arguing facts not in evidence and appealing improperly to the jury's sympathy. We have jurisdiction pursuant to 28 U.S.C. § 1291, and AFFIRM.

The district court's evidentiary rulings during trial are reviewed for abuse of discretion. *See United States v. Fuchs,* 218 F.3d 957, 964 (9th Cir.2000). We apply this same deferential standard to the district court's denial of a motion for mistrial based on alleged prosecutorial misconduct. *See United States v. Scholl,* 166 F.3d 964, 974 (9th Cir.1999). "Where defense coun-sel objected to acts of alleged prosecutorial misconduct at trial, we review for harmless error." *United States v. Cabrera,* 201 F.3d 1243, 1246 (9th Cir.2000).

Ramos–Lara's testimony about his prior deportation during cross-examination was arguably relevant on two grounds: first, as evidence that Ramos–Lara smuggled, rather than accompanied, the Abundiz family across the Mexico–United States border; and second, to impeach his testimony on direct examination. Thus, the district court did not abuse its discretion to admit this testimony.

Likewise, the district court did not abuse its discretion in denying Ramos–Lara's motion for mistrial. Even if the prosecutor's question during cross-examination was prejudicial, the error was harmless in light of the other "substantial, independent and credible evidence" of Ramos–Lara's guilt. *Scholl,* 166 F.3d at 974. The presence of such overwhelming evidence also renders the prosecutor's improper remarks during closing argument harmless.

In sum, Ramos–Lara's appeal presents no grounds for a finding of reversible error. The district court's judgment is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.